# SYLLABI
# Ohio Supreme Court

SNYDER v. N. Y. C. & ST. L. RD. CO.

Ohio Supreme Court.

No. 20866. Decided Jan. 25, 1928.

Error to Cuyahoga Appeals.

Judgment affirmed.

**991. RAILROADS—.**

1. Transportation act of Feb. 28, 1920, does not make unification of rail transportation compulsory nor give interstate commerce commission power to approve isolated consolidations before adoption of complete plan of unification.

2. Does not provide for incorporation of rail transportation companies under federal authority nor prohibit state agencies from incorporating railroads engaged in interstate commerce.

3. Pending adoption of complete plan, companies may enter into consolidation agreement.

MARSHALL, CJ.

1. The transportation act of February 28, 1920, does not make unification of rail transportation compulsory nor give power to the interstate commerce commission to approve isolated consolidations until after the adoption of a complete plan of unification as provided in the act.

2. That act does not make provision for incorporation of rail transportation companies under federal authority, neither does it prohibit state agencies from effecting corporate organization of railroad companies engaged in interstate commerce.

3. Pending the adoption of a complete plan as provided by section 5 of the act, railroad companies operating in interstate commerce are not prohibited from entering into a consolidation agreement and incorporating in the state of Ohio pursuant to such agreement, provided such agreement does not violate state or federal antitrust laws.

(Day, Allen, Kinkade and Robinson, concur. Jones, J., concurs in the judgment. Matthias, J., not participating.)

---

QUINN, Aud. et v. STATE ex LeROY.

Ohio Supreme Court.

No. 20717. Decided Jan. 25, 1928.

Error to Perry Appeals.

Judgment affirmed.

**1027. RES ADJUDICATA—Includes** not only facts or questions in issue in former suit, but also every other question which might properly have been litigated therein.

**956. PRIVITY—Of contract, in suit brought** by tax payer, binds parties to such contract with knowledge of suit, though not made parties.

**969. PUBLIC CONTRACTS—747. Mandamus—Where** legality of public contract has been determined by court of competent jurisdiction, all parties and their privies are bound by such judgment and, in mandamus to compel payment, same defenses not available.

DAY, J.

1. Material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them and cannot be again litigated in any future action between the same parties or privies, and this rule also applies not only to what was determined but also to every other question which might properly have been litigated in the case. (Hixon v. Ogg, 53 Ohio St., 361, and Strangward v. American Brass Bedstead Co., 82 Ohio St., 121, followed and approved.)

2. Privity of contract is the relationship that exists between two or more contracting parties and where the legality of a contract is determined in a suit brought by a tax payer, the parties to such contract with knowledge of such suit are in privity and bound thereby although only one of them is made party to such suit.

3. Where the legality of a public contract has once been determined in a proceeding in a court of competent jurisdiction, between a taxpayer and the public officials who were parties to such contract and other officials whose official action is necessary to the process of payment of money due under said contract, all parties and their privies to such record are bound by such judgment; in an action in mandamus to compel payment of the amount due under such contract afterwards brought by one in privity with one of the parties to the prior suit, such officials will not be allowed to avail themselves of the same defenses that were passed upon and determined in such prior suit, such judgment constituting res adjudicata.

(Marshall, CJ., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)